**XIN YAO WANG, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 06–3935–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; David V. Bernal, Assistant Director; Ana T. Zablah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; Alonzo H. Long, Assistant United States Attorney, for David E. Nahmias, United States Attorney for the Northern District of Georgia, Atlanta, GA, for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[2]

## SUMMARY ORDER

Petitioner Xin Yao Wang, a native of China, petitions for review of a July 25, 2006 BIA order dismissing an appeal from the October 15, 2004 order of Immigration Judge ("IJ") Gabriel C. Videla, which denied Wang's motion to reopen his asylum proceedings. *See In re Xin Yao Wang,* No. A77 341 162 (B.I.A. Jul. 25, 2006), *aff'g* No. A77 341 162 (Immig. Ct. N.Y. City Oct. 15, 2004). Because Wang's motion to reopen was not filed within the requisite 90–day limitations period, *see* 8 C.F.R. § 1003.23(b), its pursuit required equitable tolling, *see Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000), which Wang sought on the ground of ineffective assistance of counsel on his direct appeal. In this petition, Wang faults the BIA for (1) holding that he failed to satisfy the threshold requirements of an ineffective assistance

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

claim as set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988), and (2) denying him due process by failing to adjudicate his motion on the merits. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005); *Iavorski v. INS,* 232 F.3d at 128. When, as in this case, the BIA adopts the IJ's decision while supplementing his reasoning, we apply that deferential review standard to the IJ's decision as supplemented by the BIA. *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005).

Under *Lozada,* a petitioner seeking relief on the basis of ineffective assistance of counsel must satisfy certain procedural prerequisites, the first of which is the submission of an "affidavit ... that sets forth in detail the agreement ... with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the [petitioner] in this regard." *Matter of Lozada,* 19 I. & N. Dec. at 639. Because Wang's prior counsel has, in fact, been disbarred, we demand only "substantial compliance" with this or any of the other *Lozada* procedural requirements. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 143 (2d Cir.2007) (establishing substantial compliance rule in case involving same disbarred attorney).

Wang submits that he substantially complied with the first *Lozada* requirement by averring that he asked his former lawyer to file an appeal for him "in time." Wang Aff., July 1, 2002, at ¶ 8. He submits that the BIA and IJ should not have faulted him for failing to specify that his request to appeal was itself timely because that fact can reasonably be inferred from his statement. Assuming we were to agree

with this argument, we nevertheless could not identify abuse of discretion in the BIA's denial of Wang's motion to reopen because nowhere in his affidavit did he state that his former attorney agreed to file an appeal, let alone state the terms of such agreement, or whether Wang satisfied those terms. The absence of even a conclusory statement in this regard precludes the finding of an agreement or Wang's reasonable reliance thereon, which is essential to the application of equitable estoppel. Indeed, this very omission prompted denial of a motion to reopen in *Lozada,* 19 I. & N. Dec. at 639 ("In the instant case ... [petitioner] has not alleged, let alone established, that former counsel ever agreed to prepare a brief on appeal or was engaged to undertake the task.").

Wang's argument that the agency should have inferred an agreement based on "common sense" is unconvincing. *See* Pet. Supp. Br. 3. Such an inference is hardly ineluctable; otherwise, there would be no need for *Lozada*'s insistence on a detailed statement of "what counsel did or did not represent" in connection with any purported retainer agreement. Wang, who was represented by new counsel on his motion to reopen, bore the burden of "attesting to the relevant facts," *Matter of Lozada,* 19 I. & N. Dec. at 639, or showing where counsel's ineffectiveness appeared "on the face of the record," *Yi Long Yang v. Gonzales,* 478 F.3d at 143. Because Wang did neither with respect to any agreement by his former counsel to file a direct appeal, we conclude that the BIA did not abuse its discretion in declining to reopen Wang's asylum proceeding.

This conclusion forecloses Wang's due process claim, which depends on his entitlement to reopening. *See generally Kaur v. BIA,* 413 F.3d at 233 (noting that review is limited to BIA's decision not to reopen

proceedings; does not extend to BIA's adjudication of the merits of those proceedings).

Accordingly, the petition for review of the BIA's July 25, 2006 order is DENIED.